UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RENARD T. POLK,<br>　　　　　　　　　Plaintiff,<br>　v.<br>KELLY BELLANGER, et al.,<br>　　　　　　　　　Defendants. | Case No. 3:14-cv-00073-MMD-VPC<br><br>ORDER |

## I.　DISCUSSION

On February 5, 2014, defendants removed this case from the Sixth Judicial District Court to this Court. (Dkt. no. 1.) On April 14, 2014, this Court issued a screening order permitting Counts I, III, V, and VIII to proceed. (Dkt. no. 5 at 9.) The screening order dismissed Counts II, IV, IX, and X with prejudice and dismissed Counts VI and VII with leave to amend. (*Id.*)

On April 28, 2014, Plaintiff filed a motion to remand to state court and/or a motion for reconsideration. (Dkt. no. 7 at 1.) Plaintiff argues that the rights, privileges, and entitlements demanded in the complaint are not enforceable in federal court because the issues revolve solely around state law and the breach of duties owed to Plaintiff. (*Id.* at 2-3.) Plaintiff seeks reconsideration of Counts II, IV, VI, VII, IX, and X because dismissal is not favorable to the pro se litigant. (*Id.* at 3-4.)

The Court denies Plaintiff's motion for remand because Plaintiff's complaint explicitly states that his ten counts are based on violations of the United States Constitution and specified federal constitutional amendments. (*See* dkt. no. 1-1 at 6-

15.) As such, defendants properly removed this case to this Court based on federal question jurisdiction. See 28 U.S.C. § 1441(a).

With respect to the motion for reconsideration, a motion to reconsider must set forth "some valid reason why the court should reconsider its prior decision" and set "forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision." *Frasure v. United States*, 256 F.Supp.2d 1180, 1183 (D. Nev. 2003). Reconsideration is appropriate if this Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. Acands, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled." *Brown v. Kinross Gold, U.S.A.*, 378 F.Supp.2d 1280, 1288 (D. Nev. 2005).

The Court denies Plaintiff's motion for reconsideration. Plaintiff has not demonstrated that the Court committed clear error in its initial decision or that the initial decision was manifestly unjust. The Court specifically granted Plaintiff leave to amend on Counts VI and VII. (*See* dkt. no. 5 at 6-7.) Additionally, the Court explained why it dismissed Counts II, IV, IX, and X with prejudice. (*See id.* at 4-6, 7-8.)

The Court further notes that, pursuant to its April 14, 2014 screening order, Plaintiff shall file his amended complaint no later than May 14, 2014. (Dkt. no. 5 at 9.)

## II. CONCLUSION

For the foregoing reasons, it is ordered that the motion to remand to state court and/or motion for reconsideration (dkt. no. 7) is denied.

It is further ordered that, pursuant to this Court's April 14, 2014 screening order (dkt. no. 5), Plaintiff shall file his amended complaint no later than May 14, 2014. If Plaintiff chooses not to file an amended complaint by that date, this action shall proceed on Counts I, III, V, and VIII only.

DATED THIS 30th day of April 2014.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE