UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| RENARD T. POLK,<br><br>                    Plaintiff,<br><br>v.<br><br>KELLY BELANGER, et al.,<br><br>                    Defendants. | 3:14-cv-00073-MMD-VPC<br><br>**MINUTES OF THE COURT**<br><br><br>April 23, 2015 |

PRESENT:   THE HONORABLE VALERIE P. COOKE, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:         LISA MANN           REPORTER: NONE APPEARING

COUNSEL FOR PLAINTIFF(S): NONE APPEARING

COUNSEL FOR DEFENDANT(S): NONE APPEARING

**MINUTE ORDER IN CHAMBERS:**

Before the court is a filing by plaintiff captioned as a motion to strike defendants' motion for summary judgment and/or a cross-motion for summary judgment (#36).

Two separate sources of authority empower this court to strike a motion. First, pursuant to Federal Rules of Civil Procedure, the "court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Rule 12(f) motions are drastic remedies and, as such, are generally disfavored by federal courts. *Chan v. Pan W. Corp.*, No. 2:10-cv-1317-KJD-PAL, 2011 WL 830237, at *1 (D. Nev. Mar. 4, 2011). The Rule identifies four particular bases for a motion to strike. "Redundant" matters are duplicative and repetitive. "Immaterial" matters are those that have "no bearing on the controversy before the court." *Id*. "Impertinent" matters are those that "are not responsive to the issues that arise in the action . . . ." *Id*. A matter is "scandalous" when it casts a "cruelly derogatory light on a party or other person." *Id*.

Second, the court may strike an improper filing under its "inherent power over the administration of its business." *Spurlock v. F.B.I.*, 69 F.3d 1010, 1016 (9th Cir. 1995); *see also Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (inherent powers are tools for "control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases"). Motions to strike under the inherent power, as with Rule

12(f) motions, are wholly discretionary. *See Almy v. Davis*, No. 2:12-cv-00129-JCM-VCF, 2014 WL 773813, at *4-5 (D. Nev. Feb. 25, 2014).

The motion to strike is **DENIED**. Plaintiff has failed to a persuasive basis for striking defendants' motion under either one of these standards. Moreover, despite his putative framing of this motion as a cross-motion for summary judgment, the court shall not construe it as such. It is plain that the document does not constitute a colorable cross-motion. Only the caption and one closing request for relief mentions summary judgment; nothing in the motion sets forth applicable legal standards relevant to his complaint. Similarly, the motion does not discuss facts or other evidence related to the underlying incidents giving rise to his complaint. As such, there is nothing in the motion by which the court can conduct the summary judgment analysis. To the extent his paper expresses opposition to defendants' summary judgment motion, the court shall consider it.

**IT IS SO ORDERED.**

LANCE S. WILSON, CLERK

By: _____/s/_____
Deputy Clerk