UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| RENARD T. POLK,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>KELLY BELANGER, *et al.*,<br><br>　　　　　Defendants. | 3:14-cv-00073-MMD-VPC<br><br>**MINUTES OF THE COURT**<br><br><br><br>May 6, 2015 |

PRESENT:　　THE HONORABLE VALERIE P. COOKE, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:　　LISA MANN　　REPORTER: NONE APPEARING

COUNSEL FOR PLAINTIFF(S): NONE APPEARING

COUNSEL FOR DEFENDANT(S): NONE APPEARING

**MINUTE ORDER IN CHAMBERS:**

　　Before the court is defendants' motion (#46) to strike plaintiff's supplement to his purported cross-motion for summary judgment (#42).

　　The court may strike an improper filing under its "inherent power over the administration of its business." *Spurlock v. F.B.I.*, 69 F.3d 1010, 1016 (9th Cir. 1995); *see also Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (inherent powers are tools for "control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases").

　　This court previously indicated at docket no. 45 that it would not consider plaintiff's motion (#36) as a cross-motion for summary judgment. As the court explained, the nature of the arguments contained therein indicated that the filing was not, in fact, a cross-motion for summary judgment. The filing discussed various matters, but it did not discuss the facts and law pertaining to the claims in this lawsuit, by which a proper summary judgment inquiry might be conducted. On that basis, the court provided that it would consider plaintiff's statements as an opposition to defendants' motion for summary judgment to the limited extent that they related to his legal claims.

Accordingly, defendants' motion is **GRANTED**. Docket no. 42 is **STRICKEN**. There is no longer a cross-motion for summary judgment before the court, and as such, there is not a live motion to supplement. Moreover, the parties are not ordinarily free to file "supplements" to prior motions without first seeking leave from the court. Therefore, the court shall not to consider the untimely filing in its review of defendants' summary judgment motion. Briefing on the summary judgment motion is complete.

**IT IS SO ORDERED.**

        LANCE S. WILSON, CLERK

By: _____/s/_____
       Deputy Clerk