UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RENARD T. POLK,<br><br>　　　　　　　　Plaintiff,<br>　　v.<br>ROBERT LEGRAND, et al.,<br><br>　　　　　　　　Defendants. | Case No. 3:14-cv-00073-MMD-VPC<br><br>ORDER |

This removed action was initiated by Plaintiff who is a prisoner in the custody of the Nevada Department of Corrections. Before the Court are two Reports and Recommendations of United States Magistrate Judge Valerie P. Cooke (dkt. nos. 44 & 50) relating to Plaintiff's Motion for Preliminary and Permanent Injunction (dkt. no.27) and Defendants' Motion for Summary Judgment (dkt. no. 34). The Magistrate Judge recommended that Plaintiff's Motion for Preliminary and Permanent Injunction ("Plaintiff's PI Motion") be denied. (Dkt. no. 44.)  Plaintiff has filed an objection (dkt. no. 47) and Defendants have replied (dkt. no. 52). The Magistrate Judge subsequently recommended granting Defendants' Motion for Summary Judgment ("Defendants' Motion"). (Dkt. no. 50.)  Plaintiff had until May 30, 2015, to object (*id.*), but has failed to do so.

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and

recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). Where a party fails to object, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed. *See United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard of review employed by the district court when reviewing a report and recommendation to which no objections were made); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (reading the Ninth Circuit's decision in *Reyna-Tapia* as adopting the view that district courts are not required to review "any issue that is not the subject of an objection.").

Plaintiff objects to the Magistrate Judge's recommendation to deny Plaintiff's PI Motion, but not the recommendation to grant Defendants' Motion.  Because the Court adopts the Magistrate Judge's recommendation to grant Defendant's Motion, the Court need not address the recommendation to deny Plaintiff's PI Motion. Moreover, the Court finds it appropriate to conduct a *de novo* review of the Magistrate Judge's recommendation to grant summary judgment despite the absence of an objection by Plaintiff.

Plaintiff sues Defendants based on their alleged confiscation of certain personal property and improper deductions from Plaintiff's gift coupon while he was incarcerated at the Lovelock Correctional Center.  After screening pursuant to 28 U.S.C. § 1915A, the Court permitted four claims for an authorized, deprivation of property in violation of the Fourteenth Amendment's Due Process Clause to proceed.[1] (Dkt. nos. 5, 9.) In particular, Plaintiff was permitted to pursue Count I against Defendant Property Officer David Keener, Count III against Property Supervisor Terry Lindberg, Count V against

///

---

[1] The Court dismissed Counts VI and VII with leave to amend, but Plaintiff did not elect to amend.  (Dkt. no. 9.)

2

Defendants R. Waldo and Dwayne Deal, and Count VIII against Defendants Albert Peralta and Pauline Simmons. (*Id.*)

The Magistrate Judge found that part of Plaintiff's claim in Count I, based on Defendant Keener's alleged conduct in February 2008 and in Count VII, based on Defendants Peralta and Simmons' alleged conduct in June 2009 and April 2010, are outside of the applicable three year statute of limitations period.[2] (Dkt. no. 50 at 5-6.) The Magistrate Judge recommended that claims based on these alleged events be dismissed. The Magistrate Judge found that Plaintiff failed to exhaust Counts I, III and V and recommended dismissal. (*Id.* at 7-9.) As to the allegations against Defendant Simmons in Count VIII, the Magistrate Judge found that Plaintiff undisputedly failed to present any evidence that Simmons was involved in making any deductions. (*Id.* at 9.) The Magistrate Judge then recommended granting summary judgment in favor of Defendant Peralto because the two remaining alleged deductions in Count VIII were undisputedly made for Plaintiff's legal supplies as authorized under state law. (*d.* at 9-12.) Having reviewed the Complaint and the briefs relating to Defendants' Motion for Summary Judgment, the Court agrees with the Magistrate Judge's findings and recommendations.

It is therefore ordered, adjudged and decreed that the Report and Recommendation of Magistrate Judge Valerie P. Cooke (dkt. no. 50) is accepted and adopted in its entirety. Defendants' Motion for Summary Judgment (dkt. no. 34) is granted. The other pending motions (dkt. nos. 27, 54, 55 and 65) are denied as moot. The Magistrate Judge's Report and Recommending relating to Plaintiff's Motion for Preliminary and Permanent Injunction (dkt. no. 44) is denied as moot.

///

---

[2] In recounting Plaintiff's allegations with respect to Count I, the Magistrate Judge's Report and Recommendation incorrectly identified the second alleged occasion when Defendant Keener confiscated Plaintiff's property as occurring on November 8, 2010 (dkt. no. 50 at 2), instead of November 8, 2013, as alleged in the Complaint (dkt. no. 1-1 at 6). This typographical error was harmless and did not compel a recommendation to dismiss the part of Count I that is based upon the November 8, 2013 incident.

The Clerk is instructed to enter judgment in favor of Defendants in accordance with this Order and close this case.

DATED THIS 2nd day of September 2015.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE