UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RENARD T. POLK,<br><br>                    Plaintiff,<br>    v.<br><br>ROBERT LEGRAND, et al.,<br><br>                    Defendants. | Case No. 3:14-cv-00073-MMD-VPC<br><br>ORDER |

This Court granted summary judgment in favor of Defendants. (Dkt. no. 67.) Plaintiff moves for reconsideration ("Motion"). (Dkt. no. 71.) He subsequently moved to supplement his motion. (Dkt. no. 73.) Defendants have responded to Plaintiff's Motion, and Plaintiff has replied. (Dkt. nos. 72, 74.) For the reasons discussed below, Plaintiff's Motion is denied.

This action arose from Defendants' alleged confiscation of certain personal property and improper deductions from Plaintiff's gift coupon while he was incarcerated at the Lovelock Correctional Center. After screening pursuant to 28 U.S.C. § 1915A, the Court permitted four claims for an authorized, deprivation of property in violation of the Fourteenth Amendment's Due Process Clause to proceed.[1] (Dkt. nos. 5, 9.) In particular, Plaintiff was permitted to pursue Count I against Defendant Property Officer David Keener, Count III against Property Supervisor Terry Lindberg, Count V against Defendants R. Waldo and Dwayne Deal, and Count VIII against Defendants Albert Peralta and Pauline Simmons. (*Id.*)

---

[1] The Court dismissed Counts VI and VII with leave to amend, but Plaintiff did not elect to amend. (Dkt. no. 9.)

The Magistrate Judge issued separate Reports and Recommendations ("R&R") (dkt. nos. 44 & 50) relating to Plaintiff's Motion for Preliminary and Permanent Injunction (dkt. no.27) and Defendants' Motion for Summary Judgment (dkt. no. 34). The Magistrate Judge recommended that Plaintiff's Motion for Preliminary and Permanent Injunction ("Plaintiff's PI Motion") be denied (dkt. no. 44.) and Defendants' Motion for Summary Judgment ("Defendants' Motion") be granted (dkt. no. 50). Plaintiff objected to the former R&R, but not the latter R&R recommending granting of summary judgment. (Dkt. no. 67.) The Court adopted the Magistrate Judge's latter R&R and granted summary judgment; the Court denied Plaintiff's PI Motion as moot and declined to accept the R&R relating to the PI Motion. (*Id.*) Plaintiff now asks the Court to reconsider.

A motion to reconsider must set forth "some valid reason why the court should reconsider its prior decision" and set "forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision." *Frasure v. United States*, 256 F.Supp.2d 1180, 1183 (D. Nev. 2003). Reconsideration is appropriate if this Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. Acands, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled." *Brown v. Kinross Gold, U.S.A.*, 378 F.Supp.2d 1280, 1288 (D. Nev. 2005). Mere disagreement with an order is an insufficient basis for reconsideration. Nor should reconsideration be used to make new arguments or ask the Court to rethink its analysis. *See N.W. Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925-26 (9th Cir. 1988).

Plaintiff argues that the Court erred in finding that he failed to object to the R&R relating to Defendants' Motion and cite to his supplement to his objection to the R&R relating to his PI Motion as support. However, Plaintiff's supplement was filed on May 11, 2015, two days before the Magistrate Judge issued the R&R recommending granting Defendants' Motion. (Dkt. nos. 47, 50.) More importantly, Plaintiff's failure to

2

object did not affect the Court's review of the Magistrate Judge's recommendation because the Court conducted a de novo review.

Plaintiff's Motion asserts the merits of his claims — that prison personnel restricts and limits his personal and property rights. (Dkt. no. 71 at 3.) However, other than the part of Count VIII relating to allegations of unauthorized deductions from Plaintiff's inmate account in November 2013, Plaintiff's claims were dismissed on procedural grounds — expiration of the statute of limitations and failure to exhaust administrative remedies. As for the remaining Count VIII, the Court found that the challenged deductions are authorized by state law. (Dkt. no. 50 at 11.) Plaintiff's supplement (dkt. no. 73.) similarly fails to provide a valid reason for the Court to reconsider its Order.

It is therefore ordered that Plaintiff's motion for reconsideration (dkt. no. 71) is denied. Plaintiff's supplemental motion for reconsideration (dkt. no. 73) is denied.

DATED THIS 10th day of December 2015.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE